Mark G. Worischeck/Bar No. 011147
Shanks Leonhardt/Bar No. 025595
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099

Firm E-mail:  Minutes@sandersparks.com

Mark G. Worischeck
  Direct Phone: 602.532.5795
  Direct Fax: 602.230.5054
  E-Mail: Mark.Worischeck@sandersparks.com

Shanks Leonhardt
  Direct Phone: 602.532.5677
  Direct Fax: 602.230.5077
  E-Mail: Shanks.Leonhardt@sandersparks.com

Attorneys for Defendant USAA Casualty Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doug Traub,<br><br>            Plaintiff,<br><br>v.<br><br>USAA Casualty Insurance Company; Does 1 through 100; and Roe Corporations 101 through 200,<br><br>            Defendants. | Case No.:<br><br>**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, Defendant USAA Casualty Insurance Company ("USAA CIC" or "Defendant") hereby removes this action from the Superior Court of Arizona, Mohave County to this Court based on diversity jurisdiction. In that regard, Defendant alleges as follows:

1. On or about February 13, 2017, Plaintiff Doug Traub, an individual, ("Plaintiff") filed a lawsuit in Arizona state court in a case styled *Traub v. Esurance and United Services Automobile Association,* Superior Court of Arizona, Mohave County Case

1  No. CV2017-00099.  A true and correct copy of the Complaint and all available pleadings
2  filed in this matter are attached as Exhibit A.
3    2. Plaintiff served United Services Automobile Association ("USAA") through
4  the Arizona Department of Insurance on May 10, 2017.
5    3. On or about May 22, 2017, Plaintiff voluntarily dismissed his claims against
6  Esurance.
7    4. On or about May 22, 2017, Plaintiff filed an Amended Complaint removing
8  Esurance from the case.
9    5. Plaintiff's Amended Complaint also corrected the Complaint to remove
10 USAA as the defendant and to replace it with USAA CIC.  A true and correct copy of the
11 Amended Complaint is contained within Exhibit A.
12   6. Counsel for USAA CIC agreed to waive service of the Amended Complaint
13 but no waiver of service form was provided.  USAA CIC was not served with the Amended
14 Complaint.
15   7. Plaintiff filed a Second Amended Complaint on or about June 7, 2017 that
16 removed Plaintiff's previously-asserted claim for bad faith against USAA CIC.  A true and
17 correct copy of the Second Amended Complaint is contained within Exhibit A.  The Second
18 Amended Complaint asserts a single claim for breach of contract.  (Second Amended
19 Complaint ¶¶ 22-30.)
20   8. Counsel for USAA CIC agreed to waive service of the Second Amended
21 Complaint but no waiver of service from was provided.  As of the time of this removal,
22 USAA CIC has not been served with the Second Amended Complaint.
23   9. Plaintiff alleges he is a resident of the State of Arizona and is a citizen of
24 Arizona for the purposes of 28 U.S.C. § 1332. (Second Amended Compl. ¶ 1.)
25   10. Defendant USAA CIC is incorporated in Texas.
26   11. Defendant USAA CIC's principal place of business is in Texas and this was
27 so at the time of the incident(s) alleged in the Complaint, at the time of commencement of
28 this action in state court, and as of the date of this Notice of Removal.

12. Thus, Defendant USAA CIC is a citizen of Texas for the purposes of 28 U.S.C. § 1332.

13. The fictitious Defendants have not been identified or served and they have no bearing on removal based on diversity jurisdiction. 28 U.S.C. § 1441(b) (2017); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (holding "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").

14. Removal is proper when the defendant provides evidence that it is more likely than not that the amount in controversy exceeds $75,000. *See, e.g.*, *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). However, the inquiry into the amount in controversy is not confined to the face of the complaint. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).

15. In the Second Amended Complaint, Plaintiff contends that Defendant breached its insurance policy by failing to compensate him for injuries and medical bills through underinsured motorist insurance coverage in a policy that Defendant issued to Plaintiff. (Amended Compl. ¶¶ 22-30.)

16. Plaintiff contends he "suffered personal injury damages" and sent "multiple demands for the policy limits for this [underinsured motorists] coverage." (Id. ¶¶ 12-13.)

17. The underinsured motorist policy limit that Plaintiff demanded from Defendant is $300,000. (Id. ¶ 23 (alleging "Plaintiff entered into a valid contract . . . .wherein Defendant USAA agreed to . . . provided uninsured/underinsured motorist coverage in the amount of $300,000 for each person or occurrence").

18. In his pre-litigation correspondence demanding the $300,000 policy limit, Plaintiff submitted materials to Defendant indicating that he was in an automobile accident wherein he suffered personal injury and that the at-fault driver had only $15,000 in liability limits. Plaintiff also submitted copies of his medical bills totaling over $141,000 that he contends he incurred as the result of the automobile accident.

19. Plaintiff seeks general damages, lost wages, contractual and expectation damages and attorneys' fees and costs against Defendant. (Id. Prayer for Relief.)

20. Defendant denies all of Plaintiff's allegations. But, taking those allegations as true for the purposes of evaluating removal—as this Court must do—Defendant has met its burden of establishing it is more likely than not that the amount in controversy exceeds $75,000.

21. If Plaintiff initially had filed this lawsuit in Federal Court, this Court would have had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

22. Removal is proper under 28 U.S.C. § 1441(a), (b), and § 1446.

23. This Notice of Removal is filed within the 30-day time limit provided in 28 U.S.C. § 1446(b).

24. Removal has been perfected within one year of the commencement of the action, as required by 28 U.S.C. § 1446(b).

25. Pursuant to 28 U.S.C. § 1446(d), Defendant is serving all adverse parties with a copy of this Notice or Removal.

26. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a copy of this Notice of Removal with the Clerk in the state court action.

27. Pursuant to Federal Local Rule 3.7, copies of all pleadings, process, and orders served upon Defendant in the state court prior to this Notice of Removal are being filed herewith in this Court under Exhibit A.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

For these reasons, Defendant respectfully requests that this case be removed from the state court to this Court.

**DATED** this 9th day of June, 2017.

                                       **SANDERS & PARKS, P.C.**

By  /s/Shanks Leonhardt
      Mark G. Worischeck
      Shanks Leonhardt
      3030 North Third Street, Suite 1300
      Phoenix, AZ  85012-3099
      Attorneys for Defendant USAA Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

I hereby certify that on June 9, 2017, I served the attached document by U.S. Mail on the following:

Scott L. Poisson
**BERNSTEIN & POISSON, LLC**
320 S. Jones Blvd.
Las Vegas, NV  89107
Chris@vegashurt.com
Attorneys for Plaintiff

By /s/Marcia Greene